**UNITED STATES of America ex rel. TENNESSEE VALLEY AUTHORITY, Plaintiff,**

v.

**20.6 ACRES OF LAND, etc., H. E. Burgner et al., Defendants.**

No. CIV-2-75-53.

United States District Court, E. D. Tennessee, Northeastern Division.

Aug. 6, 1975.

Herbert S. Sanger, Jr., General Counsel, Charles W. Van Beke, Asst. General Counsel, Ronald W. Eades, TVA Atty., Knoxville, Tenn., for plaintiff.

N. R. Coleman, Jr., Greeneville, Tenn., and Joe A. Tilson, Morristown, Tenn., for defendants.

### MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

Mr. G. C. Bird, Mr. C. M. Bird and the latter's wife Mrs. Carrie E. Bird conveyed a tract of land containing 42.091 acres to the Tennessee Electric Company in 1925, agreeing that the grantors thereof might use that portion of the lands thus conveyed which were not overflowed for ordinary agricultural purposes, which did not interfere with the rights of the grantee, " * * until such portion of said land shall be

needed by the grantee. * * * " The Tennessee Valley Authority (TVA) acquired such land from Tennessee Eastern Electric Company in 1945, and the landowners herein, Mr. and Mrs. H. E. Burgner, acquired a 20.6-acre tract of land, adjacent to the aforementioned former Tennessee Eastern Electric Company land, in 1955.

On April 14, 1975 the relator TVA notified Mr. and Mrs. Burgner of its need on June 30, 1975 for the portion of the land upon which agricultural rights had been granted as aforesaid by its predecessor in title. The land acquired by Mr. and Mrs. Burgner in 1955 was condemned for public purposes by the plaintiff on May 5, 1975. There was no taking therein of Mr. and Mrs. Burgner's agricultural rights in the adjacent and contiguous land. These landowners undertook to make a counterclaim against the plaintiff herein in the nature of an inverse condemnation, to obtain just compensation for the alleged taking of such rights. The relator TVA moved to strike such counterclaim.

There is merit to the latter motion. Pretermitting other considerations, the right of the landowners to put portions of the former Tennessee Eastern Electric Company land to agricultural use was limited to the time that that company might need the land. Just as these landowners' right to use such land for such purpose was acquired from their predecessors in interest, so the TVA's right to limit the use of such land for such purpose was acquired from its predecessor in interest. The respective rights each thus acquired were the same rights enjoyed by their respective predecessors in interest.

The relator TVA, having exercised its right to extinguish the right of the landowners to use its land for agricultural purposes, in the manner provided by the agreement of the respective predecessors in interest, the plaintiff has taken no interest in land belonging after June 30, 1975 to the landowners.

The landowners contend that the relator TVA " * * * recognized * * * " their agricultural rights on October 9, 1974, by proposing to purchase from the landowners such agricultural rights in the aforementioned contiguous real estate, as well as the subject property and an easement right. Such agreement was never consummated and, by its terms, would not have bound TVA " * * * until accepted in its behalf by the [c]hief of [its] [l]and [b]ranch. * * * " Further, had such contract been consummated, it would not have barred the institution of " * * * court proceedings * * * to acquire the property described * * * " therein " * * * or any rights * * * " thereunder.

For such reason, such counterclaim of the landowners Mr. and Mrs. Burgner herein hereby is

STRICKEN.